# EXHIBIT A

Brian Lilletvedt
BOSCH, KUHR, DUGDALE, MARTIN & KAZE, PLLP
335 4th Avenue
P.O. Box 7152
Havre, MT  59501
Telephone: (406) 265-6706
Facsimile:  (406) 265-7578
blilletvedt@bkdlaw.org

Gary M. Zadick
UGRIN, ALEXANDER, ZADICK & HIGGINS, P.C.
#2 Railroad Square, Suite B
P.O. Box 1746
Great Falls, MT 59403
Telephone: (406) 771-0007
Facsimile:  (406) 452-9360
gmz@uazh.com

Attorneys for Plaintiffs

MONTANA TWELFTH JUDICIAL DISTRICT COURT, HILL COUNTY

| | |
|---|---|
| L & T ENTERPRISES LLC,<br>DBA: GOLDEN SPIKE; and<br>TAMMY WALTERS.<br><br>            Plaintiffs,<br><br>-vs-<br><br>WHITE PINES INSURANCE COMPANY;<br>REZATTO GROUP; CONIFER HOLDINGS<br>INC.; CONIFER INSURANCE COMPANY;<br>TONY CRYLEN; AND DOES 1 THROUGH 5.<br><br>            Defendants. | CAUSE NO. DV-17-084<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COME NOW Plaintiffs and allege as follows:

1.     Plaintiff L & T Enterprises DBA the Golden Spike [L & T Enterprises] is the named insured under a commercial policy of insurance issued by White Pine Insurance

Company: Policy No.: MCCP006375; and purchased by Plaintiff Tammy Walters [Walters] as the managing member of L& T Enterprises LLC. The insurance was purchased to provide property coverage, general liability coverage and liquor liability for the bar.

2. Plaintiff Walters is a citizen of the State of Montana with her principle place of residence in Havre, Hill County, Montana. Plaintiff L & T Enterprises LLC is a Montana Domestic Limited-Liability Company with its principle place of business in Havre, Hill County, Montana.

3. Defendant White Pines Insurance Company [White Pines] is domiciled in Michigan and maintains its offices and operations in Somerset, Pennsylvania. White Pines also maintains an office at 10245 Centurion Parkway N., Suite 305 in Jacksonville, Florida. White Pines sells its products through independent agent/broker channels and provides insurance to bars and taverns. Whites Pines is authorized to sell its insurance products in Montana.

4. Defendant Conifer Holdings Inc. is a Michigan based insurance holding company and is the owner White Pines Insurance Company and Conifer Insurance Company. Defendant Conifer Insurance Company [Conifer] is based at 550 W. Merrill Street, Birmingham, Michigan. Conifer collected the insurance premium payments paid by L & T Enterprises.

5. Defendant Rezatto Group [Rezatto] is headquartered in Aberdeen, South Dakota and is a commercial insurance agency specializing in the retail liquor industry. Rezatto was the producer for the commercial lines Policy No.: MCCP006375 insuring L & T Enterprises and is authorized to sell its products in Montana.

6. Tony Crylen is an agent/adjuster for White Pines and maintains an office

located at 10245 Centurion Parkway N., Suite 305 in Jacksonville, Florida. He has been the primary contact for Walters and has been responsible for handling and adjusting the damage claims filed by Walters on behalf of L & T Enterprises and for issuing insurance settlement checks for damages suffered by L & T Enterprises as a result of a severe hail and thunderstorm on July 4, 2015 in Havre, Hill County Montana and subsequent severe thunderstorms in July and August, 2015.

7. The true names and capacities of Defendants named herein as Does 1 through 5, inclusive, are unknown to Plaintiffs, who therefore bring this action against said Defendants by such fictitious names. Plaintiffs will seek leave of Court to amend the Complaint to state the true names and capacities of Does 1 through 5 when they have been ascertained, together with further charging allegations. Plaintiffs are informed and believe and thereon allege the fictitiously named Defendants are responsible in some manner for the acts alleged herein and that Plaintiffs' damages as alleged herein were caused by said Defendants' acts or omissions as selling agents, adjusters, general agents, general insurance agencies, additional insurers, or re-insurers who negligently or unlawfully caused or contributed to Plaintiffs' damages.

8. On July 4, 2015, Plaintiffs' insured property was damaged during a severe hail and wind storm. The hail storm destroyed the roof, several cooling and air conditioning units situated on the roof and the dryvit stucco covering the exterior walls of the building. Walters timely notified her insurance agent Rod Gabriel, with Hub International in Missoula, Montana of the damages to the property and Mr. Gabriel assigned her a claim number, the name of the adjuster and provided her Tony Crylen's name and contact information for White Pines Insurance Co., because he would be handling the claim. An adjuster

inspected the damage to the insured's property sometime between July 23, 2015 and August 14, 2015 and Walters was advised a written report would be furnished to her concerning the damages. Walters was advised she could not make any repairs until she received authorization from White Pines.

9. In mid-August, 2015, before receiving any authorization for any repairs, Plaintiffs' property received further damage during a severe thunderstorm. The heavy rain combined with strong wind drove the rain water through the cracks and holes in the dryvit stucco and through the damaged roof. The water from the second storm caused an electrical fire in the breaker box, shorted out the walk in cooler causing the items in the cooler to spoil, damaged the interior walls and flooring in the walk in cooler, damaged one gaming machine and two flat screen televisions, damaged the wood ceiling inside the bar and caused Walters to close the bar for nine days.

10. On or about September 11, 2015, Walters received a letter from Tony Crylen and the adjusters report with his assessment of the damages. Walters had contacted contractors for bids to repair the damages caused by the storms and because of the differences in the costs of the repairs to repair and or replace the property damaged during the storms, Crylen informed Walters he would have to send an engineer out to inspect the damages and the cost estimates Walters received to repair the damages. The engineer didn't arrive until October 6, 2016 and even though he recognized the urgency in repairing the damaged roof, Walters did not have the report on October 26, 2015 when she contacted Tony Crylen with her concerns about the delays in starting the repairs.

11. On October 26, 2015, Walters advised Tony Crylen by email that she could no longer wait to begin repairs to the property and risk incurring further damages waiting for

4

approval of her claims. She hired a roofing contractor out of Billings, Montana to begin repairing the roof. She also hired heating and air conditioning technicians and electricians to make the necessary repairs to the air conditioning units on the roof, the walk in cooler and the breaker box. Form this point forward; communications with Mr. Crylen became very difficult. He would not accept calls from Walters and he would not respond to her voicemails. He did not respond to emails in a timely manner and as a result of his refusal to communicate with Walters she made an unannounced trip to his office in Jacksonville, Florida to discuss her claims.

12. Tony Crylen and White Pines Insurance unreasonably delayed making payments for the repairs, even when another insurer paid the claim and sent the check to White Pines Insurance. Tony Crylen held a check paid by Hartford Insurance for mechanical repairs for over a year before sending it to Walters.

13. L & T Enterprises is Walters' sole source of income. The lack of communication, the unreasonable demands made on her by Mr. Crylen and unnecessary delays in resolving the claims caused the Plaintiffs to suffer financial hardships and caused Walters extreme emotional distress. Walters was forced to use her own financial resources to pay for repairs that should have been paid for by the insurance company and she was forced to close the bar for nine day.

## COUNT I

14. Plaintiffs incorporate by reference paragraphs 1-13 above.

15. Defendants failed to acknowledge and act reasonably promptly after being advised of the claimed losses by the insureds under their insurance coverage with Defendants.

5

16. Defendants failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurance policies issued by them.

17. Defendants refused to pay claims submitted by Plaintiffs and failed to conduct a prompt and reasonable investigation based upon the available information provided by Plaintiffs.

18. Defendants failed to attempt in good faith a prompt, fair and equitable settlement of the claims submitted by Plaintiffs when it became reasonably clear the insurer was liable for the claim.

19. Defendants made payments to the Plaintiffs without providing sufficient detail to allow Plaintiffs to determine which claims were being paid and which claims were being denied or delayed pending further information.

20. Defendants failed to provide a reasonable explanation for the basis for the delay in making the payments required under the policy and provided no explanation for offering to compromise on the payments requested by the Plaintiffs.

21. Defendants violated the provisions of the Unfair Trade Practices and Consumer Protection Act set forth in MCA § 33-18-201.

### COUNT II

22. Plaintiffs incorporate by reference paragraphs 1-21 above.

23. Defendants breached the contract of insurance with Plaintiffs by their failure to promptly investigate, settle and pay the valid property damage claims timely submitted by Plaintiffs.

## COUNT III

24. Plaintiffs incorporate by reference paragraphs 1-23 above.

25. Defendants committed constructive fraud and actual fraud based upon the representations made by Tony Crylen and White Pines Insurance Company concerning the investigation, damages estimates and payment of various settlement checks to the Plaintiffs for the damages suffered during the July 4, 2015 hail storm and subsequent thunder storms in August, 2015.

26. Crylen made oral and written representations to Plaintiffs that the damage claims would be promptly investigated and would be paid within a reasonable time frame once the claim had been accepted.

27. Plaintiffs' relied upon Crylen's representations and delayed hiring contractors to make the necessary and reasonable repairs to the property.

28. Crylen's representations were false. The investigation was not conducted in a reasonable time frame and the finding of the inspections and engineering reports were not provided to Plaintiffs in a timely manner.

29. The representations were material to Plaintiffs and caused them to delay hiring contractors to commence repairs until they were authorized to do so by the insurance company. Once it became known the insurance company was not making its promised payments, Plaintiffs were forced to proceed on their own.

30. Tony Crylen knew or reasonably should have known he did not send the insurance checks to Plaintiffs in a timely manner and that Plaintiff Walters was being forced to use her own financial resources to pay for repairs.

31. Plaintiffs had the right to rely upon the representations made by Tony

7

Crylen and he intended for them to rely upon his representations because he was the claims agent assigned to the handle the investigation and settle the Plaintiffs' claims.

32. Plaintiffs were entitled to rely upon the representations made by Crylen and the insurance company because their local agent provided them with a claim number and advised them Mr. Crylen would be the claims agent assigned to their claims.

33. As a consequence of their reliance upon the representations made by Crylen Plaintiffs suffered additional damages to their property and Walters suffered financial difficulties, was threatened with law suits for failing to pay the contractors she hired and suffered emotional distress.

34. Crylen's actions and the actions of White Pines Insurance Company was malicious and intentional.

35. Plaintiffs are entitled to recover all of their damages allowed by law including reasonable punitive damages.

WHEREFORE, Plaintiffs pray for the following relief:

1. For the recovery of all special and compensatory damages allowed by law;

2. For punitive damages as allowed by law;

3. For recovery of their costs and reasonable attorney's fees incurred herein; and

4. For such other and further relief as may be just and proper.

DATED this 3rd day of July, 2017

BOSCH, KUHR, DUGDALE, MARTIN & KAZE, PLLP

By: _____
Brian Lilletvedt
335 4th Avenue
P.O. Box 7152
Havre, MT  59501
Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues.

DATED this 3rd day of July, 2017.

BOSCH, KUHR, DUGDALE, MARTIN & KAZE, PLLP

By: _____
Brian Lilletvedt
335 4th Avenue
P.O. Box 7152
Havre, MT  59501
Attorneys for Plaintiffs